**TAB 5**

**CARTER**

| **CHARGE** | **DOCUMENT** |
|---|---|
| ARREST REPORT | JUDGMENT & COMMITMENT ORDER |
| | RESENTENCING ORDER |

# METROPOLITAN POLICE DEPARTMENT
## Washington, D.C.
### PROSECUTION REPORT

P.D. 163 Rev. 3/82     G.O. 401.5

| | |
|---|---|
| **2. COMPLAINT NUMBER** | 056-415 |
| **3. ID NUMBER (ID Only)** | 428314 |

**1. PERSON NOTIFIED OF NAME CHANGE-UNIT-DATE/TIME-NCIC NO (ID Only):**

**3. DEFENDANT'S TRUE NAME-LAST,FIRST,MIDDLE (ID Only):**

**5. UNIT-ARREST NO. / POLICE CHARGE(S):** MD 1090-00190 CSA PWID CRACK COCAINE

**6. DEFENDANT'S NAME-LAST,FIRST,MIDDLE (At time of arrest):** CARTER, KIRK RODNEY

**8. NICKNAME/ALIAS:** "KIRK"

**9. DEA LAB NUMBER:**

**10. ADDRESS:** 1427 SOUTHERN AVE., OXON HILL, #304, MARYLAND

**11. PHONE NUMBER:** NONE

| 12. SEX | 13. RACE | 14. BIRTHDATE | 15. TIME IN D.C. | 16. SOCIAL SECURITY NUMBER |
|---|---|---|---|---|
| M | B | 4-9-63 | 26 YEARS | 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 |

| 17. TYPE OF RELEASE | 18. COURT DATE | 19. HAT | 20. COAT | 21. JACKET | 22. PANTS | 23. SHIRT | 24. BIRTHPLACE (City & State) |
|---|---|---|---|---|---|---|---|
| ☐ CITATION ☐ L/O ☐ COLLATERAL | 2-1-90 | BLU | BLU | | JEANS | BLU | WASHINGTON, D.C. |

**25. CO-DEFENDANTS:** Number 0

### 26. WALES/NCIC CHECK
| CHECK MADE BY (Name) | NCIC NUMBER | WARRANT ON FILE |
|---|---|---|
| DET. DAVID N. HAYES | 25385 | ☐ YES  ☒ NO |

**27. LOCATION OF OFFENSE:** 1500 BLOCK OF MAINE AVE., S.W.   **DATE:** 1-31-90   **TIME:** 1545

**28. LOCATION OF ARREST:** 1500 BLOCK OF MAINE AVE., S.W.   **DATE:** 1-31-90   **TIME:** 1545

**29. ARRESTING OFFICER:** DETECTIVE DAVID N. HAYES #2162 NARC. BRANCH

**30. ASSISTING OFFICER:** DETECTIVE HARVEY NORRIS #2504 NARC. BRANCH

### 31. DEFENDANT ADVISED OF RIGHTS
| DATE | TIME | LOCATION | OFFICER'S NAME | BADGE NO. | UNIT |
|---|---|---|---|---|---|
| 1/31/90 | 1725 | MORALS DIVISION | DET. DAVID N. HAYES | 2162 | ND |

### 32. COMPLAINANTS/WITNESSES
| | NAME-LAST,FIRST, M.I. | ADDRESS | BIRTHDATE | HOME PHONE NO. | WORK PHONE NO. |
|---|---|---|---|---|---|
| W-1 | SGT. MICHAEL WILSON | MORALS DIV. S-561 | ADULT | 727-4425 | |
| W-2 | SGT. JACK HICKEY | " #S-321 | " | " | |
| W-3 | DET. RUDY GODDARD | " 4190 | " | " | |
| W-4 | DET. IRA BEANE | " 485 | " | " | |
| W-5 | DET. J.C. GONZALES | " 3357 | | | |
| W-6 | | | | | |

### 33. PROPERTY RECOVERED/ITEMS OF EVIDENCE
| DESCRIPTION | BY WHAT MEANS-LOCATION-TIME | FROM WHOM | BY WHOM | PROPERTY BOOK/PAGE NO. | CSES NO. |
|---|---|---|---|---|---|
| 1. APPROX. ONE OUNCE OF CRACK COCAINE | POCKET OF DEF. | DEF. | HURRIN, S. | | |
| 3. MONEY $1,000.57 | POCKETS OF DEF. | DEF | SGT. HICKEY | | |
| 4. | | | | | |

**34. RECORD CLERK'S NAME:** MR. BUTLER

**35. INITIALS-DATE-UNIT OF PERSON TAKING PRINT:**

### 36. ARREST RECORD SUMMARY
1. NO RECORD
2.
3.
4.
5.
6.

**37. M.O.** (Weapons/instruments used, Hangouts, Habits, or any unusual Characteristics of Defendant-Scars/Tattoos, etc.)

DEALS IN CRACK COCAINE AND LIQUID PCP

**38. RIGHT THUMB PRINT**

DISTRIBUTION: Page 1. to I & RD; Page 2. & 3. to Prosecutor; Page 4. Officer's Copy; Page 5. (yellow) Unit Copy.

REVERSE CARBONS

**39. EMPLOYMENT HISTORY** (List present employment, if any, on Line 1.)

| FROM - DATE - TO | EMPLOYER | ADDRESS | BUS PHONE | OCCUPATION |
|---|---|---|---|---|
| 1 | UNEMPLOYED | | | |
| 2 | | | | |

**40. NAMES OF LIVING FAMILY, RELATIVES, FRIENDS AND ASSOCIATES** (Begin with immediate Family)

| RELATIONSHIP | DOB/AGE | NAME-LAST,FIRST,M.I. | ADDRESS-STREET,CITY,STATE,ZIP CODE | PHONE NUMBER |
|---|---|---|---|---|
| MOTHER | 50 | WINSTEAD, CONSTANCE | UNK | NONE |
| BROTHER | 33 | CARTER, KEVIN | 2641 BIRNEY PLACE, APT #201 | NONE |
| | | | | |
| | | | | |
| | | | | |

**41. MILITARY SERVICE:** BRANCH/DATE FROM - TO: NONE

**42. TELEPHONE CALL MADE:** ☒ YES ☐ NO ☐ REFUSED

**43. PHONE NUMBER:** 678-3574

**44. STATEMENT OF FACTS:** (Give a brief statement in your own words, of the facts surrounding the offense and the arrest. Use Continuation Form PD 202A for additional space. Note present condition of any injured person(s) Do not give Witnesses' Names or Addresses. REFER to them as W-1 or W-2, etc. as indicated in Item 31.)

ON JAN. 31, 1990, MEMBERS OF THE MORALS DIVISION, NARCOTIC BRANCH RECEIVED INFORMATION THAT KIRK CARTER WOULD BE LEAVING THE SOUTHEAST AREA OF WASHINGTON, D.C. IN POSSESSION OF A QUANTITY OF CRACK COCAINE, OPERATING HIS BURG. PATHFINDER. THIS SOURCE OF INFORMATION ALSO STATED THAT KIRK WOULD BE LEAVING SHORTLY AFTER 1515 HOURS.

ON JAN. 31, 1990 AT ABOUT 1535 HOURS, DET. HAYES AND NORRIS OBSERVED KIRK CARTER LEAVING THE SOUTHEAST AREA AND HEADING TOWARDS MAINE AVE., S.W. DET. NORRIS ADVISED OTHER MEMBERS OF THE MORALS DIVISION THAT MR. CARTER WAS ON HIS WAY TOWARDS MAINE AVE., S.W. AT ABOUT 1545 HOURS, MEMBERS OF THE NARCOTIC BRANCH STOPPED MR. CARTER AND FURTHER INVESTIGATION REVEALED THAT MR. CARTER HAD IN HIS POSSESSION APPROX. ONE OUNCE OF CRACK COCAINE. THIS COCAINE WAS RECOVERED BY DET. S. HURRIN.

KIRK CARTER WAS PLACED UNDER ARREST AND TRANSPORTED TO THE MORALS DIVISION FOR PROCESSING DET. HURRIN CONDUCTED AN NARCOTIC FIELD TEST ON THE ABOVE RECOVERED EVIDENCE WITH POSITIVE RESULTS FOR CRACK COCAINE. NARCOTICS PLACED ON BOOK 210 PAGE 232.

IN ADDITION, MR. CARTER HAD IN HIS POSESSION $1,000.57 IN MONEY. THIS MONEY WAS PLACED ON BOOK 213 PAGE 150.

**45. DEFENDANT'S VERSION/REMARKS:** (What did defendant say about the offense or his/her whereabouts at the time of offense? (Use PD 118 for defendant's written statement.))

NO STATEMENTS

**46. BAIL REFORM ACT CASES:** Was a statement made by defendant in reference to his/her failure to appear? ☐ Yes ☐ No (If yes, include in Defendant's Version/Remarks Section above.)

**47. PRINTED NAME-OFFICER MAKING STATEMENT:** DAVID N. HAYES
**BADGE NUMBER:** 2162
**RANK:** DET
**48. SIGNATURE OF REVIEWING OFFICIAL:** [signature] Michael P. W___

**49. SIGNATURE OF OFFICER MAKING STATEMENT:** [signature]
**UNIT:** MD
**DATE:** 1-31-90
**UNIT:** MD
**DATE:** 1-31-90

CHECK LAST COPY FOR LEGIBILITY BEFORE TURNING IN REPORT

# United States District Court

District of ____COLUMBIA____

FILED
OCT 10 1990
CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA
V.
KIRK R. CARTER

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 90-098-1

Daniel Ellenbogen, Esq.
_____
Defendant's Attorney

(Name of Defendant)

**THE DEFENDANT:**

☒ pleaded guilty to count(s) ___one of the Indictment___.
☐ was found guilty on count(s) _____ after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC 846 | Conspiracy | Jan. 31, 1990 | One |

United States District Court
For the District of Columbia
A TRUE COPY
NANCY MAYER WHITTINGTON, Clerk
By _Michael Darby_ 4-28-06
Deputy Clerk

The defendant is sentenced as provided in pages 2 through __3__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____, and is discharged as to such count(s).
☒ Count(s) __two, three, four and five__ (is)(are) dismissed on the motion of the United States.
☐ It is ordered that the defendant shall pay a special assessment of $ __50.00__, for count(s) __one__, which shall be due ☐ immediately ☒ as follows:
at time of release.

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: _____

Defendant's Date of Birth: __April 9, 1963__

Defendant's Mailing Address:
Incarcerated

Defendant's Residence Address:
1427 Southern Ave
Oxon Hill, Md

NOV 6 1990
RECEIVED

October 9, 1990
Date of Imposition of Sentence

_signature_
Signature of Judicial Officer
William B. Bryant
United States District Judge
Name & Title of Judicial Officer

Oct. 10, 1990
Date

United States District Court
for the District of Columbia
A TRUE COPY
JAMES E. DAVEY, CLERK
By _Linda L. Romero_
Deputy Clerk

AO 245 S (Rev. 4/90) Sheet 2 - Imprisonment

Defendant: Kirk R. Carter
Case Number: 90-098-1

Judgment—Page 2 of 3

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of _____.

ONE HUNDRED FIFTY ONE (151) MONTHS

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States marshal.
☐ The defendant shall surrender to the United States marshal for this district,
　☐ at _____ a.m./p.m. on _____.
　☐ as notified by the United States marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
　☐ before 2 p.m. on _____.
　☐ as notified by the United States marshal.
　☐ as notified by the probation office.

## RETURN

I have executed this judgment as follows:

DEFENDANT DELIVERED ON 11-6-90
TO MEDICAL CENTER FOR FEDERAL
PRISONERS, SPRINGFIELD, MO
BY AIRLIFT-BUS/USM-SELF COMMITMENT
C. A. TURNER, WARDEN
BY R. Firestone  RECORD OFFICE

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____
United States Marshal

By _____
Deputy Marshal

Defendant: Kirk R. carter  
Case Number: 90-098-1

Judgment—Page 3 of 3

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _____

FIVE(5) YEARS

While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

☐ The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

☐ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

☐ The defendant shall not possess a firearm or destructive device.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

```
                                                    FILED
        UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF COLUMBIA              MAR 28 1995

                                              Clerk, U.S. District Court
                                                District of Columbia
```

UNITED STATES OF AMERICA

    vs.                                    CRIMINAL NUMBER 90-098

KIRK CARTER

<u>**ORDER RESENTENCING DEFENDANT**</u>

This matter came on for resentencing after remand from the United States Court of Appeals pursuant to the mandate filed on October 28, 1994. The defendant, his counsel, Daniel Ellenbogen, and the government counsel appeared before this Court on this 22nd day of March, 1995, it is this 27th day of March, 1995,

**ORDERED** that the sentence previously imposed upon defendant KIRK CARTER on November 5, 1992, be and the same hereby is VACATED AND SET ASIDE; and it is

**FURTHER ORDERED** that the defendant KIRK CARTER be and he is hereby resentenced as follows:

One Hundred and Thirty Five Months (135) on Count One, and Four (4) years of Supervised Release.

While on Supervised Release, the defendant KIRK CARTER shall not commit any federal, state or local crimes, shall abide by the standard conditions of supervised release that have been adopted by the Court.

                                                  William B. Bryant,

United States District Court
For the District of Columbia
A TRUE COPY
NANCY MAYER-WHITTINGTON, Clerk
By _Michael Darby_ 4-28-06
    Deputy Clerk

                                                  Senior United States District Judge

35