THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No.: 05-0448(ESH) |
| v. | : | |
| KIRK CARTER, | : | |
| Defendant | : | |

### SEVERANCE MOTION

COMES NOW the defendant Kirk Carter, by and through counsel Charles F. Daum, and respectfully moves this Court pursuant to Rule 14 of the Federal Rules of Criminal Procedure to sever his trial from that of co-defendant Antoine Jones. In support of the Motion, the defendant avers the following:

1. Defendant Carter and co-defendant Jones are charged in a thirty four count indictment, along with 3 other co-defendants, inter alia. with violating Title 21 USC Section 846, conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base.

2. On October 11, 2006 the Government informed the defendant's counsel that it would call a recently discovered witness to testify against Mr. Carter at trial. The identity of this witness remains unknown as of the filing of this pleading. The substance of this witness' testimony is that he will testify that he was approached by defendant Carter for the purpose of having the witness introduce Antoine Jones to defendant Carter. Further the witness will state that he introduced Jones to Carter in order that Carter could purchase drugs from Jones. Lastly, the witness will testify that he observed

Carter with Jones at Level's Night Club and at that time Carter was removing drugs in two brown paper bags that Carter carried out of the night club.

3. Previously the Government informed that it intended to call another unidentified witness against Mr. Carter. That witness is expected to testify that he was with co-defendant Jones at a time when Jones drove to South East Washington to meet Carter. The time and date of this meeting is uncertain. Further, it is uncertain as to whether this witness will testify as to what if anything he observed take place when Jones and Carter met on this occasion.

4. After investigation of the matter involving each of these two unidentified witnesses, it is defendant Carter's well founded belief that there exists an *essential* need to call Antoine Jones as a witness on his behalf at trial. Carter understands that Jones testimony will be exculpatory as it relates to Carter. Specifically, Jones can testify that he has known Carter for a number of years and he can state how, when, and where, he made the acquaintance of Kirk Carter. Moreover, Jones will state that no third party made any introduction of Kirk Carter to him at any time or under any circumstances, nor did any third party approach him to arrange a meeting with Kirk Carter. Lastly, Jones will testify that no third party introduced Carter to Jones for the purpose of buying drugs. Concerning the other unidentified witness Jones would testify that he did not drive to S.E. Washington to deliver drugs to Carter at any time in the presence of this witness or any other third person.

5. It is defendant Carters understanding that codefendant Jones will testify on behalf of Kirk Carter if he did not have to incriminate himself as he would were this case to proceed to trial in its current posture.

6. Counsel for the defendant has inquired of attorney Eduardo Balarezo about whether Jones will testify in his own behalf at a joint trial. Attorney Balarezo has informed counsel that Antoine Jones will maintain his Fifth Amendment right to remain silent and as such will not be a witness.

7. But for the exculpatory testimony of Antoine Jones the defendant is unable to challenge or rebut the testimony of either of these unidentified witnesses.

8. Defendant Carter will suffer manifest prejudice by the inability to call Antoine Jones to testify on his behalf as guaranteed by the Sixth Amendment to the Constitution of the United States.

9. There is no other evidence that defendant Carter can offer other then Jones' testimony to address the alleged interaction between these third parties and Jones which support the Government's allegations that Carter conspired with Jones to distribute cocaine.

## ARGUMENT

Rule 14 of the Federal Rules of Criminal Procedure governs when a trial judge has discretion to sever defendants. Under Rule 14, if the joinder of defendants "appears to prejudice a defendant . . . , the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

The Supreme Court has defined "prejudice" in this context to be a "serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993), *quoted in*

United States v. Edelin, 118 F.Supp.2d 36, 41 (D.D.C. 2000). Thus, the primary element that this Court must examine when determining whether severance would be appropriate is whether joinder would result in a violation of the constitutional fair trial rights of a defendant. See United States v. Spitler, 800 F.2d 1267, 1271 (4th Cir. 1986).

Although the concerns of judicial efficiency are important, the trial judge must be careful to examine any potentially prejudicial effects of joinder against each defendant. See United States v. Applewhite, 72 F.3d 140, 144 (D.C.Cir.1995) (per curiam) (trial court must balance interest of judicial efficiency against risk of prejudice to defendant). When a defendant claims that joinder will result in prejudice, the trial judge is entrusted with the discretion to determine whether prejudice exists, and the appropriate remedy for any prejudice that is found. See United States v. Lane, 474 U.S. 438, 449 n. 12 (1986) (Rule 14 gives trial judge discretion to determine whether prejudice from joinder of offenses or defendants warrants severance; appellate court will review on "abuse of discretion" standard); United States v. Clark, 184 F.3d 858, 866 (D.C.Cir.1999) (applying "abuse of discretion" standard to denial of severance). Not only must the trial judge carefully examine the defendants' claims of improper joinder at the outset of the proceedings, the trial judge has a "continuing duty to monitor the appropriateness of joinder of counts and defendants" and the possibility of prejudice against any defendant. United States v. Edelin, 118 F. Supp.2d 36, 40 (D.D.C.2000) (citing Schaffer v. United States, 362 U.S. 511, 516 (1960)).

The most common remedy is severance from other defendants. Severance is a proper remedy when the defendant has met the burden of showing that joinder would violate his constitutional rights. See United States v. Edelin, 118 F.Supp.2d 36, 41

(D.D.C.2000) (citing <u>United States v. Spitler</u>, 800 F.2d 1267, 1271 (4th Cir.1986)). A claim of prejudice may be substantiated by a showing that a defendant requires the testimony of a co-defendant in order to support his defense. In order to claim that severance is appropriate because of one defendant's need for another defendant's testimony, the moving defendant must make a showing of a *bona fide* need for the testimony, the substance of the desired testimony, the exculpatory nature and effect of the testimony, and the likelihood that the co-defendant would actually testify. <u>See</u> <u>United States v. Ford</u>, 870 F.2d 729, 731 (D.C.Cir.1989).

### I. Defendant Carter Has a Bona Fide Need for Antoine Jones, Testimony

In the instant case after review of discovery and further investigation, it is apparent that the bulk of the Government's case against defendant Carter consists of the testimony of two unidentified cooperating witnesses. Those cooperators are expected to testify that Carter was somehow involved in participating with Antoine Jones in contravention of the Federal narcotics statutes. The only other person present when these alleged events took place is Antoine Jones and his testimony on behalf of defendant Carter is *absolutely essential* for Kirk Carter's defense.

### II. The Substance of the Desired Testimony

Jones can testify that he has known Carter for a number of years and he can state how, when, and where, he made the acquaintance of Kirk Carter. Moreover, Jones will state that no third party made any introduction of Kirk Carter to him at any time or under any circumstances, nor did any third party approach him to arrange a meeting with Kirk

Carter. Lastly, Jones will testify that no third party introduced Carter to Jones for the purpose of buying drugs. Also Jones will testify that no third party ever accompanied him to south east Washington and that he delivered drugs to defendant Carter. Thus, Antoine Jones' testimony is relevant to the trial of defendant Carter and the defendant would be unable to obtain that evidence from any other source. Mr. Jones testimony would be a powerful counter to the cooperator's testimony and would not be available to defendant Carter.

### III.     The Exculpatory Nature and Effect of The Testimony

Antoine Jones' testimony would be exculpatory as to Kirk Carter at the very least to the conspiracy count because he would testify that the cooperators were wrong and that Carter had no involvement in any alleged narcotic transaction. Mr. Jones' testimony would be a powerful counter to the cooperator's testimony and would not be available to defendant Carter from any other source.

### IV.     Likelyhood that Mr. Jones would testify

It is defendant Carter's understanding that Antoine Jones is prepared to testify on Kirk Carter's behalf, so long as by testifying, Jones does not incriminate himself as he would be required to do were this case were to proceed jointly. It is clear that if this matter were to proceed to trial with the joined defendants Kirk Carter would be compelled to testify in order to rebut the testimony of the cooperators. And this would violate his Fifth Amendment rights. Because Antoine Jones would be a defendant in the same trial with his own liberty at stake, he would be placed in a position to either wave his Fifth Amendment rights and testify, or not to testify at all. Either way, defendant Carter's substantial constitutional rights would be violated because Carter would be denied the

ability to present exculpatory evidence in his defense. Consequently, the Court must sever Kirk Carter from the trial of Antoine Jones in order that Carter can summon Jones as a witness at his trial.

Based on the reasoning and authority presented above, the joinder of Mr. Carter and Mr. Jones in this case is prejudicial to Mr. Carter's ability to present a defense to the government's chief claim that he conspired to distribute cocaine.  Thus, this Court should sever the joinder of Mr. Carter and Mr. Jones's cases.

Mr. Jones' plan to invoke his Fifth Amendment privilege against self-incrimination prohibits Mr. Carter from invoking his Sixth Amendment right to call any competent witness and to present a defense.  Unlike a witness, who only has a right to not give incriminating answers, a defendant's privilege against self-incrimination is violated whenever he or she is compelled to even take the witness stand and invoke his or her privilege in front of the jury. See U.S. CONST. amend V; see also Coleman v. United States, 420 F.2d 616, 625 (D.C. Cir. 1969).  However, a defendant has a right to call an alleged accomplice to the stand. See Washington v. Texas, 388 U.S. 14, 22-23 (1967). Thus, we are left with a stand-off between the Fifth and Sixth Amendments, which is a stand-off that could and should be resolved through a severance.

Mr. Carter can establish a *prima facie* case for severance based on his need for Mr. Jones' testimony and Mr. Jones' willingness to provide such testimony.  To establish a *prima facie* claim for severance based on a co-defendant's need for a co-defendant's testimony, the movant must demonstrate: "(1) a bona fide need for the testimony of his co-defendant, (2) the likelihood that the co-defendant would testify at a second trial and waive his Fifth Amendment privilege, (3) the substance of his co-defendant's testimony,

and (4) the exculpatory nature and effect of such testimony." United States v. Palmer, 1989 U.S. Dist. LEXIS 6498 (D.D.C. 1989) (citing United States v. Parodi, 703 F.2d 768, 779 (4th Cir. 1983)).  If the government intends to use secret witnesses to corroborate its theory that Mr. Carter conspired to distribute cocaine, then Mr. Carter clearly has a bona fide need to call his only exculpatory witness, Mr. Jones, to refute that claim.  Mr. Jones has manifested a clear intent to testify that he never sold Mr. Carter any drugs, a claim which would fully rebut the governments theory for prosecution.  Thus, Mr. Carter has established a *prima facie* case that he is entitled to a severance.

   A comparison of Palmer and this case supports a severance here.  Mr. Palmer was granted a severance even though he could not definitively demonstrate that his co-defendants would be willing to testify on his behalf.  See id. at 22.  The Court reasoned that there was a possibility that the co-defendants would testify and that that was sufficient.  See id. at 24.  Furthermore, the Palmer court inferred that the co-defendant testimony would be exculpatory based on the co-defendant's attempt to murder the movant.  Id. at 23.  Unlike Mr. Palmer's co-defendants, Mr. Jones has clearly expressed his willingness to testify on Mr. Carter's behalf.  The substance of this testimony will accurately recount the nature of Mr. Jones' and Mr. Carter's relationship, which is substantively important and exculpatory in nature.  Given this district's commitment to the preservation of a defendant's Sixth Amendment right to present a defense as manifested in Palmer, this Court should grant Mr. Carter's motion for a separate trial and allow Mr. Jones to offer exculpatory evidence to refute the testimony of the Government's secret witnesses.

Wherefore, given the aforementioned averments and argument Kirk Carter respectfully requests that this Motion be granted.

Respectfully submitted,

_____
Charles F. Daum
736 5th St. N.E.
Washington, D.C. 20002
DC Bar 952481
(202) 546-8886

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of October 2006, I caused a true and correct copy of the foregoing Severance Motion and Incorporated Memorandum of Points and Authorities in Support Thereof in to be delivered via Electronic Case Filing (ECF) to:

AUSA Jack Geise
Assistant United States Attorney
Office of the United States Attorney for the District of Columbia
555 Fourth Street, NW
Washington, DC  20530

AUSA Rachel Lieber
Assistant United States Attorney
Office of the United States Attorney for the District of Columbia
555 Fourth Street, NW
Washington, DC  20530

Respectfully,

_____
Charles F. Daum