UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | |
| | : | Cr. No. 05-386 (ESH) |
| | : | |
| **KIRK CARTER** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S RESPONSE TO SEVERANCE MOTION

Comes now the United States of America by its counsel, Jeffrey A. Taylor, United States Attorney for the District of Columbia, Rachel Carlson Lieber and John V. Geise, Assistant United States Attorneys, and in response to defendant Carter's motion for severance, says as follows.

With trial imminent and jury selection in progress, the United States will briefly respond to the defendant Carter's recently filed motion for severance in hopes that the Court will allow the government to orally supplement this response if necessary.

### FACTS

The government anticipates that several witnesses will give testimony linking Kirk Carter directly to drug activity in conjunction with Antoine Jones. The government has informed counsel to defendant Carter of these facts, although these disclosures are beyond the government's discovery obligations.[1] Carter now seeks severance based on the contention the

---

[1] In providing oral disclosure last week of one late-breaking witness, this witness's potential testimony may have been less than clear. He will not say that he introduced Carter and Jones, but rather that he facilitated their initial drug transactions once they both were released from prison, which is where they initially met.

defendant Jones would provide exculpatory testimony contradicting these witnesses.

## THE RELEVANT CASE LAW

For a whole host of reasons, this proffered testimony by Jones does not meet the standard for a severance based on the need for a co-defendant's testimony outlined by the Court of Appeals in United States v. Ford, 870 F.2d. 729 (D.C. Cir. 1989), the leading case on this question. However, an extensive analysis under Ford is not required since Carter's factual proffer to the Court reveals on it face that a key requirement for severance in these circumstances has not been satisfied.

At paragraph 5 of his severance motion, Carter states that "codefendant Jones will testify on behalf of Kirk Carter if he did not have to incriminate himself as he would were this case to proceed to trial in its current posture." In effect, Carter proffers that Jones will testify if Carter's case were severed from his **and** Carter's severed trial were to go second so Jones would not have to risk providing testimony that could be used against him in his own trial. But the conditioning of testimony on a defendant controlling the order of trials is alone sufficient to defeat a severance request.

In Ford the Court recognized that "[o]ur sister circuits have concluded, rightly we believe, that 'Rule 14 [should not be read] as a mechanism for alleged co-conspirators to control the order in which they are tried.'" 870 F.2d at 731(citation omitted); accord, United States v. Washington, 969 F.2d 1073, 1080 (D.C. Cir. 1992) ( "assurance [of co-defendant testimony] conditioned on one defendant being tried before the other fails to satisfy the elements of the prima facie case [for severance]."), cert. denied, 507 U.S. 922 (1993); see United States v. Washington, 12 F.3d 1128, 1134 (D.C. Cir.) ( severance properly denied when co-defendants conditioned their testimony on the court holding a joint trial with separate juries), cert. denied, 513 U.S. (1994).

On the face of his pleading Carter has failed to meet at least one of the basic requirements for severance and his motion should therefore be denied.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        UNITED STATES ATTORNEY


        By: _____
        RACHEL CARLSON LIEBER
        Assistant United States Attorney
        D.C. Bar No. 456-491
        555 4th St. N.W. Room 4820
        Washington, D.C. 20530
        (202) 353-8055


        By: _____
        JOHN V. GEISE
        Assistant United States Attorney
        D.C. Bar No. 358-267
        555 4th St. N.W. Room 4126
        Washington, D.C. 20530
        (202) 616-9156