UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
OCT 1 9 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA, )
)
)
)
v. ) Criminal No. 05-0386 (ESH)
)
ANTOINE JONES, *et al.*, )
)
Defendants. )
)

## MEMORANDUM OPINION AND ORDER

Before the Court is the of defendant Kirk Carter's Motion for Severance, which the government has opposed. For the reasons set forth below, the Court will deny Carter's motion.

### BACKGROUND

Carter and four co-defendants are charged in a thirty-four-count indictment charging violation of the federal drug laws. The government has informed Carter that several witnesses will give testimony linking him to drug activity involving co-defendant Antoine Jones. Carter now seeks severance on the eve of trial, arguing that Jones is an essential witness who would provide exculpatory testimony contradicting the government's witnesses if he could provide such testimony without incriminating himself.

### ANALYSIS

Rule 14 of the Federal Rules of Criminal Procedure gives district courts "wide discretion in determining whether to sever the trials of defendants who have properly been joined." *United States v. Ford*, 870 F.2d 729, 730 (D.C. Cir. 1989). "Further, '[i]n light of the Government's strong interest in favor of joint trials, [the D.C. Circuit] has struck a balance in favor of joinder." *Id.* (quoting *United States v. Perry*, 731 F.2d 985, 992 (D.C. Cir. 1984) (first alteration in

original)). "To establish a *prima facie* case for severance . . . , the movant must demonstrate: (1) a bona fide need for the testimony; (2) the substance of the testimony; (3) the exculpatory nature and effect of the testimony; and (4) the likelihood that the co-defendant will testify if the cases are severed." *Id.* at 731.

A defendant fails to establish a *prima facie* case for severance when, in asserting that his co-defendant would testify on his behalf if their trials were severed, he presumes that his trial would follow his co-defendant's. *See id.* at 731–32. As the D.C. Circuit has explained, "Rule 14 [should not be read] as a mechanism for alleged co-conspirators to control the order in which they are tried." *Id.* at 731 (quoting *United States v. Blanco*, 844 F.2d 344, 353 (6th Cir. 1988) (alteration in original)). Here, Carter has asserted that Jones would testify on his behalf "if [Jones] did not have to incriminate himself as he would were this case to proceed to trial in its current posture." In other words, Carter contends that Jones would testify if the cases were severed *and Jones were tried first.* Such a "conditional showing" is fatal to Carter's motion. *Id.* at 732.

In addition, the testimony Carter claims Jones would provide is "not necessarily exculpatory." *Id.* at 733. The government has informed Carter that its witnesses will give testimony linking him to drug activity involving Jones. Carter contends that Jones could testify as to "how, when, and where" he met Carter. Specifically, Jones could explain that "he has known Carter for a number of years," that "no third party made any introduction of . . . Carter to him at any time . . . or approach[ed] him to arrange a meeting with . . . Carter," and that "no third

party introduced Carter to Jones for the purpose of buying drugs."[1] Because such statements "are not necessarily exculpatory," they "do not warrant [severance]." *Id.* at 732.

## CONCLUSION

For the foregoing reasons, Carter's Motion for Severance [#218] is hereby **DENIED**.

*/s/ Ellen S. Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date: October 19, 2006

---

[1] Carter also states that "Jones will testify that no third party ever accompanied him to [southeast] Washington and that he delivered drugs to defendant Carter." Even construing Carter's assertion that Jones would testify "that he delivered drugs to defendant Carter" as a drafting error, Carter's assertion amounts to "no more than [an allegation] that he 'might have a better chance of acquittal if tried separately.'" *United States v. Ford*, 870 F.2d 729, 732 (D.C. Cir. 1989).

3