UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 05-386 (ESH) |
| | : | |
| v. | : | |
| | : | |
| ANTOINE JONES, | : | |
| LAWRENCE MAYNARD, | : | |
| KIRK CARTER, | : | |
| FRANCISCO JAVIER GONZALEZ-RUAN, | : | |
| GUADALUPE BARRONE, | : | |
| JOSE GARCIA, and | : | |
| CARLOS REYNA, | | |
|       Defendants. | | |

**GOVERNMENT'S MOTION AND MEMORANDUM FOR
EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT**

The United States, by its counsel, the United States Attorney for the District of Columbia, pursuant to 18 U.S.C. § 3161(h)(7) of the Speedy Trial Act, respectfully moves for an Order excluding the period of time from when any outstanding motions are resolved through the trial date previously set, November 5, 2007, from the calculation of the time within which this case must be tried.  This motion for exclusion is made both because of the size and overall complexity of this case, and because counsel for lead defendant Antoine Jones will be unavailable for trial until the November 5, 2007, trial date.

I. Factual Background

On October 25, 2005, a federal grand jury returned an indictment charging nine defendants with participating in a narcotics-trafficking organization operating in the greater Washington, D.C. area.  This indictment was the result of a long-term investigation into drug trafficking being conducted by the joint FBI/MPD Safe Streets Task Force, who in 2004, obtained information that a large narcotics distribution organization was operating in the greater

Metropolitan Washington, D.C., area and elsewhere.  Over the course of the ensuing several months, many of the defendants in that matter pleaded guilty – including defendant Lawrence Maynard – two superseding indictments were handed down, a companion, sealed indictment was issued with respect to alleged Mexican suppliers, and ultimately, on October 16, 2006, trial commenced with respect to the remaining five defendants: Antoine Jones, Adrian Jackson, Michael Huggins, Kevin Holland, and Kirk Carter.  However, during jury selection, it became apparent to defendant Carter's counsel that he had a conflict of interest with respect to a potential government witness, so the Court severed Mr. Carter from the trial, and trial proceeded with respect to the remaining four defendants.  In December, 2006, and January, 2007, the jury returned not guilty verdicts with respect to defendants Jackson, Huggins, and Holland; with respect to Jones, they were unable to reach a unanimous verdict, and a mistrial was declared.

Since the jury's verdicts, several things have happened which have resulted in the present motion: (1) the Court permitted defendant Maynard to withdraw his guilty plea; (2) the Court appointed new counsel for defendant Maynard; (3) the Court set a November 5, 2007, trial date, based on the unavailability of counsel for lead defendant Antoine Jones, at Jones's request, and (4) the government has superseded the Jones indictment, to incorporate four new co-defendants – Francisco Javier Gonzalez-Ruan, Guadalupe Barrone, Jose Garcia, and Carlos Reyna – some of whom were the subject of the companion, sealed narcotics conspiracy indictment, returned in March, 2006.  Of those four defendants, only Gonzalez-Ruan is in custody, so the government will confine its argument to the defendants currently set for trial

The current indictment, while similar to the initial indictment of Jones and the others, contains substantial new information with respect to the new defendants, whom the government alleges to be the Mexican suppliers to Jones's D.C.-based cocaine distribution organization. In particular, the indictment alleges with specificity the roles that these defendants individually played in the supply-chain. These allegations compound those in the initial indictments, which were based on information obtained from confidential sources and corroborated by physical surveillance, analysis of telephone records and pen registers, and other investigative techniques, and ultimately a Title III wire intercept and follow-up search warrants which yielded nearly 100 kilograms of cocaine and in excess of $900,000 from nine locations in the State of Maryland and the District of Columbia.

As noted in the detailed initial Motion for Exclusion of Time Under the Speedy Trial Act with respect to the October, 2005, indictment – which is incorporated by reference herein – the lead defendant in the indictment, Antoine Jones was the sole proprietor of a nightclub named "Levels," which is located at 1960 Montana Avenue, N.E., Washington, D.C., which he used both as a legitimate business, and as a location where he could conduct his drug trafficking activities, as well as launder drug trafficking proceeds. Based on the 6,000, wire interceptions, several of Jones's kilogram-quantity customers were identified, among them Kirk Carter. And based on the search warrant of the stash location, from which 97 kilograms of cocaine and over $800,000, were recovered in a search warrant executed on October 24, 2005, additional defendants were identified as members of the Mexican supply chain which was providing large quantities of cocaine to Jones and his local network. Follow-up investigation revealed the identities of three additional members of that supply chain – Jose Garcia, and Carlos Reyna, both

of whom were intercepted on the Jones wiretap, and Guadalupe Barrone. A companion investigation conducted by Immigration and Customs Enforcement in 2004, revealed another layer of Jones's supply chain, including defendants Francisco Javier Gonzalez-Ruan and Barrone.

Throughout the time leading up to the October, 2006, trial, the government produced all of the evidence mentioned above to the defense, including the wire interceptions in their entirety and the synopsis of each of the calls, drafted by the agents who monitored the wire, along with transcriptions of calls intended to be played at trial. In addition, the government produced many additional items in discovery, including surveillance photos, search warrant photos and other evidence obtained in the course of the execution of the warrants, information pertaining to a traffic stop of Lawrence Maynard in North Carolina in April, 2005, documents, photos, and reports obtained in the course of the ICE investigation, along with various other items of evidence.

II. Argument

As an initial matter, as of the time of the return of the superseding indictment, March 21, 2007, the Speedy Trial clock has been tolled with respect to each of the defendants for various reasons, including waiver and the pendency of various motions. However, once any outstanding motions are resolved, and the defendants are arraigned on the new indictment, which the government anticipates will happen at the March 23, 2007, status hearing, the Speedy Trial clock will begin to tick. Once that happens, the government respectfully submits that pursuant to 18 U.S.C. § 3161(h)(8)(A) and (B), the Court should cull the additional time between that date and the previously-set November 5, 2007, for numerous reasons, all of which are in the interests of

justice.[1]

Section 3161(h)(8)(A) allows the court to exclude a period of delay from the Speedy Trial Act calculation if the Court finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  Section 3161(h)(8)(B) sets forth the factors the court may consider when determining whether to exclude time pursuant to Section 3161(h)(8)(A).  Where the court finds that the case is "so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" the court may exclude such time as necessary to serve the ends of justice.  18 U.S.C. §§3161(h)(8)(A) and 3161(h)(B)(ii)(iv).  The Court has broad discretion to grant an exclusion of time when, in its view, the case's complexity requires that counsel have additional time to prepare in order to ensure a fair trial.  See United States v. Rojas-Contreras, 474 U.S. 231, 236 (1985).

First, with respect to defendant Lawrence Maynard, the nature of the evidence supporting the charges in the indictment against him, including well in excess of 6,000, intercepted telephone calls, many hours of videotaped surveillance, and voluminous documents resulting from the Maryland ICE investigation, make this case particularly complex and justify an exclusion of time so that his counsel has the time necessary to get up to speed on the complexities of the case.

---

[1] As the Court is well aware, The Speedy Trial Act provides that such an exclusion may be ordered by the Court either on its own motion or at the request of one of the parties in the interests of the "ends of justice."  An "ends of justice" exclusion must be supported by appropriate findings.

5

In addition to case complexity, the Court may also grant an extension of time if to push the case to trial within the stringent requirements of the Speedy Trial Act would deprive a defendant "continuity of counsel." 18 U.S.C. § 3161(h)(8)(B)(iv). In this case, Eduardo Balarezo, Esq., counsel for lead defendant Antoine Jones, is currently in a lengthy RICO trial before the Honorable Richard W. Roberts, of this court, and he will be so occupied for the next several months, possibly until October, 2007. Mr. Balarezo was lead counsel during the initial two-month trial of this case, and thus, he is uniquely situated to represent defendant Jones. Indeed, the Court gave defendant Jones the option of retaining Mr. Balarezo, and thus delaying his trial, or the appointment of new counsel, and defendant Jones chose to retain Mr. Balarezo. The Court may construe this as a tacit motion to continue the trial to the first date convenient to Mr. Balarezo, which is the November 5, 2007, date.

Finally, the interests of justice in this particular case require that these co-defendants be tried together, and thus a final basis for exclusion of time may be found in 18 U.S.C. § 3161(h)(7): "a reasonable period of delay [may be excluded] when the defendant[s are] joined for trial with a codefendant as to whom the time for trial has not yet run and no motion for severance has been granted." The time for trial with respect to defendant Jones has not yet run, based on his desire to retain Mr. Balarezo as his counsel, so the first prong of this exclusion is satisfied. Further, because Mr. Jones is quite literally the glue that holds this conspiracy case together – as the Court is well aware from having presided over the initial trial in this matter – it is by far the best use of judicial, prosecutorial, and defense resources to keep all the defendants together in one trial.

III. Conclusion

For the foregoing reasons, the United States, by its counsel, the United States Attorney for the District of Columbia, pursuant to 18 U.S.C. § 3161(h)(7) of the Speedy Trial Act, respectfully moves for an Order excluding from the calculation of when this case must be tried that period of time between when the last motions are resolved and the previously-set November 5, 2007, trial date.

        Respectfully submitted,

        JEFFREY TAYLOR
        UNITED STATES ATTORNEY


By: _____
        RACHEL CARLSON LIEBER
        D.C. Bar No. 456-491
        JOHN V. GEISE
        Assistant United States Attorneys
        555 4th Street, N.W., Room 4820
        Washington, DC 20530
        (202) 353-8055
        Rachel.lieber@usdoj.gov