**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA : | 05-386 (ESH) |
| : | |
| v. : | |
| : | |
| KIRK CARTER : | Motions Hearing: 10/13/07 |

**GOVERNMENT'S SUPPLEMENTAL MOTION TO ADMIT**
**EVIDENCE OF OTHER CRIMES PURSUANT TO FRE 404(b)**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves to admit additional evidence of other crimes against defendant Kirk Carter. In support of this motion, the government relies on and incorporates by reference pleading number 141 – Government's Motion to Admit Evidence of Other Crimes Pursuant to Federal Rule of Evidence 404(b) and to Use Prior Convictions for Impeachment Pursuant to Federal Rule of Evidence 609 – which the government filed and the Court approved in advance of the October 16, 2006, trial in this matter. The government as well relies upon any other arguments which may be raised at a hearing on this motion.

**Factual and Procedural Background**

Defendant Carter is charged, along with co-defendants Antoine Jones, Lawrence Maynard, and Francisco Javier Gonzalez-Ruan, with one count of Conspiracy to Distribute and Possess with the Intent to Distribute More than 5 Kilograms of Cocaine, in violation of 21 U.S.C. § 846. This charge arose out of a long-term investigation conducted by the Safe Streets Task Force into suspected narcotics trafficking by Jones. In the course of that investigation, which included, among other investigative tools, a wiretap on Jones's cellular phone in the fall of 2005, defendant Carter was identified as one of Jones's cocaine customers.

As that investigation came to a close, agents executed search warrants at various locations, including two residences of Jones, and the apartment of defendant Carter, along with the residences of numerous other suspected Jones customers. Recovered from Carter's apartment were several different types of ammunition, along with drug trafficking paraphernalia, including a digital scale, and a strainer with cocaine base residue on it. Carter was arrested in December, 2005, and charged in a stand-alone indictment of conspiring with Jones and others to Distribute and Possess with Intent to Distribute Cocaine. In March, 2006, he was joined in a larger conspiracy indictment, charging Carter, Jones, and several others with this conspiracy, dating from some time in 2003, up to and including October 24, 2005.

Several defendants plead guilty to the indictment, and trial commenced for the the remaining five defendants – Jones, Carter, Kevin Holland, Adrian Jackson, and Michael Huggins – on October 16, 2006. Midway through the lengthy jury selection, the parties discovered that counsel for defendant Carter, Charles Daum, had represented a government witness in the past, so the Court severed defendant Carter's case from the remaining defendants. The October 2006, trial ended in acquittals for Jackson, Holland, and Huggins, and a hung jury for Jones. In light of that result, and the emergence of two additional defendants,[1] the government sought and obtained the instant superseding indictment, and the November 5, 2007, trial date was set.

---

[1] An original defendant, Lawrence Maynard, had previously pleaded guilty, but was permitted to withdraw his guilty plea; defendant Francisco Javier Gonzalez-Ruan, who had been indicted under seal in a companion indictment, was arrested crossing the border shortly before the October, 2006, trial. As an even further aside, we are likely to try only Carter, Jones, and Maynard at the November, 2007, trial because the Correctional Treatment Facility erroneously released Gonzalez-Ruan in May, 2007, and he is, by all accounts, hiding out in Rio Bravo, Mexico.

### Additional Evidence of Other Crimes by Defendant Kirk Carter

In previous litigation, the government sought to admit, and the Court approved the admission of, evidence relating to defendant Carter's 1990 conviction in U.S. District Court for the District of Columbia for Conspiracy to Sell, Distribute, or Dispense Narcotics, for which he was sentenced to 135 months.[2]  Since that initial pleading, the government has learned additional evidence relating to drug sales by Mr. Carter.  Specifically, there is a witness who would testify that over the course of several months in the winter/spring of 2003, it bought crack cocaine from Mr. Carter, ranging in quantity from one-half ounce to one ounce on a number of occasions.

### Such Evidence is Admissible Under Fed.R.Evid. 404(b)

As the government set forth in our initial pleading, evidence of other crimes, wrongs or acts is admissible under Fed.R.Evid. 404(b) if offered for any permissible purpose, including proof of intent, motive, opportunity, plan, knowledge, identity or absence of mistake or accident, United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir.), *cert. denied*, 498 U.S. 825 (1990), and corroboration of other evidence, United States v. Bowie, 232 F.3d 923, 933 (D.C. Cir. 2000).  This is a rule of inclusion, permitting the admission of such evidence if three criteria are met:

> (1) the evidence of other crimes or acts is relevant in that it has "**any tendency** to make the existence of **any fact** that is of consequence to the determination of the action more probable or less probable that it ould be without the evidence"; (2) the fact of consequence to which the evidence is directed relates to a matter in issue other than the defendant's character or propensity to commit crime; and (3) the evidence is sufficient to support a jury finding that the defendant committed the other crime or act.

---

[2]  The government assumes that the Court's authorization of the use of that evidence still stands.

Id. at 930 (internal citations omitted; emphasis added).

Specifically, with regard to conspiracy cases in general, and drug conspiracy cases in particular, this evidence is peculiarly appropriate as proof of intent. *See* United States v. Mitchell, 49 F.3d 769, 775 (D.C. Cir. 1995) (in drug conspiracy case, "evidence regarding other drug transactions [i]s relevant to intent in a chargeddrug transaction"); *see also* United States v. Mathis, 216 F.3d 18 (D.C. Cir. 2000) ("evidence tending to demonstrate intent, plan, preparation, and motive . . . is particularly probative where the government has alleged conspiracy) (internal citation and quotation omitted).

Further, in this particular drug conspiracy case admission of this evidence is perhaps even more important given the nature of much of the evidence. As the Court is well-aware, having sat through approximately six weeks of testimony last fall, there are numerous telephone conversations on the wiretap which the government submits were coded references to narcotics sales and purchases. Specific coded references to "tickets" and "music" were apparently used because Jones did indeed operate a night club where music was played and tickets occasionally sold. If past is prologue, defendant Carter is likely to claim that he was innocently associated with Jones's nightclub business rather than criminally associated with the cocaine business. Evidence of other prior drug transactions squarely addresses this type of defense. United States v. Moore, 732 F.2d 983, 990 (D.C. Cir. 1984) (404(b) evidence appropriately admitted to rebut defense claim that what appeared to be a recording of a drug transaction was not); United States v. Rodriguez, 215 F.3d 110, 119 (1st Cir. 2000), *cert. denied*, 532 U.S. 996 (2001) (upholding admission of prior drug activity under Rule 404(b) since the "government's evidence must overcome the possibility that a particular defendant's association with criminal co-conspirators

4

was wholly innocent or that, if he was with them at the scene of criminal activity, he was 'merely present' without guilty knowledge or intent.").

WHEREFORE, the government respectfully requests that the instant motion be GRANTED.

        Respectfully submitted,

        Jeffrey L. Taylor
        United States Attorney

        By: _____
        Rachel Carlson Lieber
        Assistant United States Attorney
        D.C. Bar No. 456-491
        555 4th Street, NW, Room 11-909
        Washington, DC 20530
        (202) 353-8055
        Rachel.lieber@usdoj.gov